# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:11-cr-00002-MR

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> **BILLY JOE THORNE.** ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's request for the early termination of his supervised release [Doc. 2].

On September 25, 2009, the Defendant pled guilty in the United States District Court for the District of Montana to the charge of conspiracy to manufacture marijuana, in violation of 21 U.S.C. § 846. [Doc. 1 at 19]. The Defendant was sentenced to a term of 13 months' imprisonment along with 48 months of supervised release on December 18, 2009. [See Doc. 1 at 14]. Following the Defendant's release from his term of incarceration, on January 21, 2011, the United States District Court for the District of Montana transferred the jurisdiction of the Defendant to this Court for the purpose of continuing his supervision under the terms and conditions of his supervised release. [Doc. 1 at 1].

The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). [Doc. 22].

The Order transferring jurisdiction allows this Court to terminate the Defendant's term of supervised release without the approval of the transferring court. [Doc. 1 at 1]. In order to terminate the Defendant's term of supervised release, however, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In the present case, the Defendant's supervising probation officer reports that the Defendant has done well during the period of supervision. The Defendant, however, continues to receive mental health treatment, including prescribed medications, as a special condition of his supervised release. Because the Defendant remains involved in a mental health treatment program with prescribed medications, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's request for the early termination of his supervised release [Doc. 2] is

**DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant and the United States Probation Office.

**IT IS SO ORDERED.**　　Signed: June 8, 2013

Martin Reidinger
United States District Judge